ROSANNA MAGEE v. FIRST NATIONAL BANK OF ELLSWORTH.[1]

October 3, 1930.

No. 27,997.

[1]Reported in 232 N. W. 336.

J. A. *Cashel* and *Arnold W. Brecht,* for appellant.

*John F. Flynn,* for respondent.

LORING, C.

This is an appeal from an order sustaining a demurrer.

The complaint alleges that the defendant bank, "being desirous of borrowing from the plaintiff the sum of $2,500, then and there, for value received, caused its agent and director, Henry J. Meester, his wife, Hermina Meester, joining him, to execute and deliver to the plaintiff its promissory note, in the following words and figures, to-wit:"—then follows a copy of the note. The defendant did not sign the note, and there is no allegation that it received the $2,500.

■ Upon the argument of the demurrer in the trial court the plaintiff conceded that she could not recover if the note sued upon was negotiable. In this court she takes the position that the suit is for money had and received and that the complaint states a cause of action on that ground. Even if the latter question were properly before us, the complaint cannot be construed as one for money had and received. In fact it does not allege that the defendant received the $2,500 or any part of it. It is true that it does allege a valuable consideration for the giving of the note, but does not describe the character of it or otherwise state facts from which a cause of action for money had and received can be spelled out.

■ The complaint obviously attempts to state a cause of action on a promissory note which the defendant has not signed and upon which its name does not appear. As a suit upon the note, the appellant concedes that if the note is negotiable there can be no recovery against the defendant because of G. S. 1923 (2 Mason, 1927) § 7061, which provides that "no person is liable on the instrument whose signature does not appear thereon, * * *."

The appellant contends that the recital that the note is secured by a mortgage destroys its negotiability. This recital in no way incorporates into the note the provisions of the mortgage or any part thereof. Nothing is thereby added to the contract. We therefore hold that the instrument is negotiable and that defendant is not liable thereon. King Cattle Co. v. Joseph, 158 Minn. 482, 488, 198 N. W. 798, 199 N. W. 437.

Order affirmed.